[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15966
Non-Argument Calendar

_____

D. C. Docket No. 06-10024-CV-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ONE 28 FOOT CONTENDER MOTOR VESSEL
bearing Florida Registration No. FL2160 NA,
HIN JDJ25524G506, together with its tackle,
apparel, gear and equipment,

Defendant,

ALEXANDER BAYOLO,

Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 9, 2007)

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Alexander Bayolo, through counsel, appeals the district court's judgment in an *in rem* forfeiture proceeding, pursuant to 8 U.S.C. § 1324(b) and 28 U.S.C. §§ 1345, 1355 and 2461, against a 28-foot Contender motor boat, along with its tackle, apparel, gear, equipment, and inventory. On appeal, Bayolo argues that the district court erred in denying his motion for a directed verdict, noting that the government failed to establish, by a preponderance of the evidence, that the boat had a substantial connection with the underlying criminal offense of alien smuggling.

We review *de novo* the denial of a motion for directed verdict or judgment as a matter of law. *See Hessen v. Jaguar Cars, Inc.*, 915 F.2d 641, 644 (11th Cir. 1990). Although the district court denied Bayolo's motion for directed verdict, Fed.R.Civ.P. 50 was amended to replace the term "directed verdict" with "judgment as a matter of law." Fed.R.Civ.P. 50 (1991 Amendments). In conducting such a review, we consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party, and the motion should be granted when the evidence presented is so one-sided that reasonable people could not arrive at a contrary verdict. *Hessen*, 915 F.2d at 644.

2

Conversely, if there is substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions, then such a motion is due to be denied and the case is properly submitted to the jury. *Id*.

To obtain civil forfeiture, the government must establish, by a preponderance of evidence, "a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(1) and (3). The government "may use both circumstantial evidence and hearsay," and the district court should evaluate the evidence presented with "a common sense view to the realities of normal life." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1440 (11th Cir. 1991) (quotations omitted). "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." 18 U.S.C. § 983(d)(1). In asserting such a defense to forfeiture, a claimant has the burden of proving that he is an innocent owner of the property by a preponderance of the evidence. 18 U.S.C. § 983(d)(1). An innocent owner does not know of the conduct giving rise to forfeiture. 18 U.S.C. § 983(d)(2)(A)(i).

Directed verdicts are appropriate only where the evidence is so one-sided that no reasonable jury could reach a contrary conclusion. *Hessen*, 915 F.2d at 644. Here, the evidence presented, although circumstantial, was not so one-sided

3

in favor of Bayolo that it would make a directed verdict proper.

The record demonstrates that the boat, which was registered to Bayolo, was intercepted by the Coast Guard on the evening of September 27, 2005. The boat did not have its navigation lights on and its fuel tank was nearly empty. The Coast Guard found two men onboard, along with "tools of the trade for smuggling vessels" including several canisters of gasoline, motor oil, and a section of garden hose. A subsequent search of the boat also revealed a handwritten list of coordinates to navigation points between Florida and Cuba. The next day, after speaking with one of the men apprehended on the boat, the Coast Guard conducted a search and found 21 people hiding in mangroves off the shore of North Key Largo. The two men on board Bayolo's boat were eventually convicted of alien smuggling.

In contrast, although Bayolo appeared to assert at trial that he was an "innocent owner" within the meaning of 18 U.S.C. § 983(d), he failed to raise such an argument on appeal and, accordingly, has abandoned it. *See Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) ("Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned."). Even if we were to consider the argument, it would fail. Although Bayolo insisted that he did not know that his boat would be used in illegal activities, in light of the other evidence

in the record, the case in support of his claim did not present such one-sided evidence of innocent ownership that would make a directed verdict proper.

Accordingly, because the evidence in the record, reviewed as a whole, was such that reasonable jurors could have reached different conclusions, we conclude that the government's claim that the boat was substantially connected to alien smuggling was properly before the jury, and the district court did not err in denying Bayolo's motion for a directed verdict.

**AFFIRMED.**